IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVA VIDAL, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:20-CV-1541-G-BH |
| | § | |
| KROGER TEXAS, LP, | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

<u>MEMORANDUM OPINION AND ORDER</u>

By *Order of Reference* filed September 18, 2020, before the Court for determination is *Defendants' Motion to Strike Plaintiff's Affidavits Served Ostensibly Pursuant to Texas Civil Practice and Remedies Code Section 18.001*, filed September 10, 2020 (doc. 16). Based on the relevant filings and applicable law, the motion is **GRANTED in part**.

## I.  BACKGROUND

On August 6, 2018, Eva Vidal (Plaintiff) slipped on a substance on the floor of a Dallas grocery store owned or operated by Kroger Texas, LP (Defendant) and fell.  (doc. 5 at 2.)[1]  She filed suit in the 116th Judicial District Court of Dallas County, Texas on May 15, 2020.  (doc. 1-2 at 11-16.)   After Defendant removed the state case to this court on the basis of diversity jurisdiction, Plaintiff amended her complaint on June 22, 2020.  (*See* docs. 1, 5.)  She claims that she was seriously injured as a result of a dangerous condition that existed on Defendant's property. (doc. 5 at 2.)  She alleges that Defendant "negligently permitted the substance to melt on the floor and become dangerous, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn [her] of the condition on the floor." (*Id.* at 3.)  She asserts claims for premises liability and generally negligence, and she seeks monetary damages for past and future physical pain, mental anguish, disfigurement, physical impairment, medical

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

expenses, loss of earning capacity, and lost wages. (doc. 5 at 3-5.)

On September 9, 2020, Plaintiff filed notices of her filing of business (medical) records and affidavits concerning cost and necessity of services, citing Texas Rules of Evidence and § 18.001 of the Texas Civil Practice & Remedies Code.  (*See* docs. 14, 15.)  The affidavits are from medical providers and custodians of medical records, "attesting that the services provided were reasonable at the time and place the service was provided relevant to the claims in the instant litigation and the services were necessary." (docs. 14 at 2; 15 at 2.)  On September 10, 2020, Defendant moved to strike the affidavits.  (doc. 16 at 2.)  Plaintiff responded on September 30, 2020, and Defendant replied on October 1, 2020. (*See* docs. 21, 22.)

## II.  ANALYSIS

Defendant argues that the § 18.001 affidavits should be stricken because "section 18.001 is purely procedural and does not apply to a federal case, such as this premises-liability case, sitting under diversity jurisdiction." (doc. 16 at 1.)

"It is a long-recognized principle that federal courts sitting in diversity cases[, such as this one], 'apply state substantive law and federal procedural law.'" *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)); *see also Guzman v. Mem'l Hermann Hosp. Sys.*, No. H-07-3973, 2008 WL 5273713, at *14 (S.D. Tex. Dec. 17, 2008) (citing *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391, 394 (5th Cir. 2003)) ("As a general rule, under the *Erie* doctrine, when a plaintiff asserts a state-law claim in federal court, the federal court applies state substantive law to adjudicate the claims but applies federal procedural law.").  "Federal courts are not bound, however, to follow a state law that merely is in some sense substantive, if it is in conflict with the Federal Rules of

2

Civil Procedure." *Nelson v. Myrick*, No. CIV.A.3:04-CV-0828-G, 2005 WL 723459, at *2 (N.D. Tex. Mar. 29, 2005) (citation and internal quotation marks omitted).  If the federal rule in question is "sufficiently broad to cause a direct collision with the state law, or implicitly, to control the issue before the court," there is "no room for the operation of [the state] law." *Burlington Northern R. Co. v. Woods*, 480 U.S. 1, 4-5 (1987) (internal quotation marks omitted). Nevertheless, courts must not "wade into *Erie's* murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398.

Under Texas law, "[a] claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary." *Gunn v. McCoy*, 489 S.W.3d 75, 101 (Tex. App.—Houston [14th Dist.] 2016), *aff'd by* 554 S.W.3d 645 (Tex. 2018).  Section 18.001 provides plaintiffs an efficient means to prove up the reasonableness and necessity of past medical expenses without expert testimony.  *See Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied).  It states, in part:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).

The Fifth Circuit has not addressed whether § 18.001 is a substantive or procedural law, and whether it should be applied in federal diversity cases.  This issue was first considered in this district in *Rahimi v. United States*, 474 F. Supp. 2d 825 (N.D. Tex. 2006).  In *Rahimi*, the court determined that § 18.001(b) was a substantive provision of Texas law, and the plaintiff was allowed to use § 18.001 affidavits to "make a *prima facie* showing of the necessity and

3

reasonableness of sums incurred for past medical expenses." *Id.* at 829.   It explained that "[w]hen a state evidentiary rule is so bound up or intertwined with a litigant's substantive rights, it is appropriate to apply the state law to avoid an inequitable administration of the law." *Id.* Because the Texas Supreme Court had not yet considered § 18.001, the court in *Rahimi* made an "*Erie* guess" when it allowed § 18.001 affidavits.   *Rahimi*, 474 F. Supp. 2d at 827 n.2.

A few years later, the Texas Supreme Court concluded that § 18.001 is "*purely procedural*, providing for the use of affidavits to streamline proof of the reasonableness and necessity of medical expenses."   *Haygood v. De Escabedo,* 356 S.W.3d 390, 397 (Tex. 2011) (emphasis added).   It reaffirmed its characterization of § 18.001 affidavits as "purely procedural" in 2018.   *See Gunn v. McCoy*, 554 S.W.3d 645, 674 (Tex. 2018) ("We reiterate that an affidavit served under section 18.001 is 'purely procedural' and does not amount to conclusive evidence of the expenses.").   The majority of courts in this district that have since considered the issue agree that § 18.001 is a procedural rule and is inapplicable in federal diversity cases. *See Jones v. QuikTrip Corp.*, No. 3:19-CV-2671-D, 2020 WL 6149967, at *2 (N.D. Tex. Oct. 20, 2020) ("[T]he procedure of § 18.001(b) is inapplicable in federal court, even in a case in which subject matter jurisdiction is based on diversity of citizenship."); *Davila v. Kroger Texas, LP*, No. 3:19-CV-2467-N, 2020 WL 2331079, at *2 (N.D. Tex. May 8, 2020) ("[T]he Texas Supreme Court's 2018 decision in *Gunn* persuades this Court that section 18.001 is a procedural rule, not a substantive law providing a presumption regarding the damages element of a state negligence claim, and that it is thus not rendered applicable by Federal Rule of Evidence 302."); *Newby v. Kroger Co.*, No. 3:19-CV-2510-N, 2020 WL 3963740, at *3 (N.D. Tex. July 11, 2020) (same); *Baird v. Shagdarsuren*, No. 3:17-CV-2000-B, 2019 WL 2286084, at *2 (N.D. Tex. May 29, 2019) ("Because the Texas Supreme Court has now held that § 18.001 is a procedural rule, the

statute is inapplicable in federal court."); *Holland v. United States*, 3:14-CV-3780-L, 2016 WL 11605952, at *1 (N.D. Tex. July 21, 2016) ("As the Texas Supreme Court has explicitly characterized Section 18.001 as procedural, the statute is not applicable in this action.").[2]

Plaintiff argues that § 18.001 is applicable in federal courts, and she cites a handful of Texas district court decisions, including some from this district, that found § 18.001 to be substantive law after the decisions in *Haygood* and *Gunn*. (doc. 21 at 6-8); *see Eagle Suspensions, Inc. v. Hellman Worldwide Logistics, Inc.*, No. 3:12-CV-0611-G, 2015 WL 252442, at *5 n.12 (N.D. Tex. Jan. 20, 2015); *Gorman v. ESA Mgmt., LLC*, 3-17-CV-0792-D, 2018 WL 295793 at*2 (N.D. Tex. 2018); *Bowman v. Cheeseman, LLC*, No. 3:13-CV-3865-N, 2014 WL 11515575 at *1 (N.D. Tex. 2014); *Butler v. United States*, No. 3:15-CV-2969-M (N.D. Tex. 2017) (slip op.). Those decisions were recently considered by a court in this district, which noted that most did not substantively address "the Texas Supreme Court's characterization [of § 18.001] head-on," and declined to follow them "given the explicit direction from the Texas Supreme Court that § 18.001 is a purely procedural law." *See Baird*, 2019 WL 2286084, at *2.[3]

Given the Texas Supreme Court's explicit determination that § 18.001 is a "purely procedural" law, the district court decisions that follow the majority view and consider § 18.001

---

[2]This also appears to be the majority view of other courts outside the district. *See Akpan v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) ("The Texas Supreme Court has now held that § 18.001 is a procedural rule. As a result, the Federal Rules of Evidence, rather than § 18.001, govern.") (internal citation omitted); *Miley v. MMM Freight Corp.*, 6:19-CV-00285-ADA-JCM, 2020 WL 5468828, at *3 (W.D. Tex. June 10, 2020) ("Given both the *Haygood* decision and the *Gunn* decision, the conclusion that [§] 18.001 is procedural is inescapable."); *Islas v. United States*, No. SA-19-CV-322-XR, 2020 WL 7683288, at *5 (W.D. Tex. Apr. 16, 2020) ("The Court agrees with the Government and with those cases finding that § 18.001 is procedural, as stated by the Texas Supreme Court, and thus not applicable in federal court."); *but see Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-580, 2019 WL 6492585, at *6 (E.D. Tex. Dec. 2, 2019) (concluding that § 18.001 "is a substantive rule of law"); *Grover v. Gov't Employees Ins. Co.*, No. SA-18-CV-00850-FB, 2019 WL 2329321, at *2 (W.D. Tex. May 31, 2019) ("[T]he Court finds that Section 18.001, despite its procedural nature, should be applied in federal diversity actions.").

[3]Notably, two of these cases are from judges who have since held that § 18.001 is procedural and does not apply in federal diversity cases. *Compare Bowman*, 2014 WL 11515575 at *1 (Godbey, J.), *with Davila*, 2020 WL 2331079, at *2 (Godbey, J.) (finding § 18.001 inapplicable); and *Gorman*, 2018 WL 295793 at*2 (Fitzwater, J.), *with Jones*, 2020 WL 6149967, at *2 (Fitzwater, J.) (finding § 18.001(b) inapplicable).

as procedural and not substantive state law are more persuasive.  *See Haygood*, 356 S.W.3d at 397; *Gunn*, 554 S.W.3d at 674.  Because federal law governs procedural matters, and § 18.001 is a procedural law, the procedures of § 18.001(b) are inapplicable in this diversity action. *See Baird*, 2019 WL 2286084, at *2; *Holland*, 2016 WL 11605952, at *1; *Davila*, 2020 WL 2331079, at *2; *Jones*, 2020 WL 6149967, at *2.  Defendant's motion is granted to the extent that it seeks a finding that the procedures of § 18.001(b) are inapplicable.

Although Defendant moves to strike the affidavits, a traditional motion to strike "is neither an authorized nor a proper way to ... strike an opponent's affidavits." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (3d ed.).  It should instead be treated as a "notice of objection to the challenged affidavits." *Xavier v. Belfor USA Grp., Inc.*, No. CIV.A.06-491, 2008 WL 4862533, at *2 (E.D. La. Sept. 23, 2008) (explaining that "courts treat the improper motions to strike as objections to the materials filed") (citing cases).

### III.  CONCLUSION

Defendant's motion is **GRANTED in part**.

**SO ORDERED** on this 26th day of February, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6